**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: Nikki Williams | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Adlar Wallach & Associates | ) | |
| 1045 W. Katella Ave | ) | |
| Orange, CA 92867 | ) | |
| Defendant | ) | |

_____

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Nikki Williams, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Adlar Wallach & Associates. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
3. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff, Nikki Williams (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
5. Plaintiff is a resident of the State of Illinois.
6. Defendant Adlar Wallach & Associates, Inc., d/b/a AWA

COLLECTIONS. ("Defendant"), is a California business entity with an address of 1045 W. Katella Ave., Orange, California 92867, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692g(a).

## ALLEGATIONS

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor")
8. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
10. On or about January 31, 2019, Defendant sent Plaintiff a non-initial debt collection communication to Plaintiff. See Exhibit.
11. Defendant's collection letter stated the following itemization: "Original Balance $1,145.61" "Interest & Fees $135.82" and "Total Balance Due $1,281.43." See Exhibit
12. Below this itemization, Defendant's dunning letter states "[T]he total balance may include other debts, Please contact our [Defendant's] office for additional information." See Exhibit
13. Defendant's itemizations in conjunction with its statement that other debts may be included in the total balance is misleading to Plaintiff as it creates confusion as to the legal status, character, or amounts of the subject debt.
14. Upon information and belief, it was Defendant's objective in creating the above-referenced confusion to coerce Plaintiff to communicate with Defendant, which is evident by its request to Plaintiff asking her to "contact our [Defendant's] office for additional information."

## STANDING AND INJURY

15. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
16. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
20. The Defendant's conduct violated 15 U.S.C. Section 1692e e(2) and e(10) when it employed deceptive means once it attempted to collect upon the subject debt. Defendant misled Plaintiff as to the character, amount, or legal status of the subject debt when it clearly itemized the "Original Balance," "Interest & Fees" and "Total Balance," then undermine the information provided by stating that "other debts" may be included in the "Total Balance." This contradictory information fails to properly inform Plaintiff as to her purported obligation to address the subject debt. Upon information and belief, Defendant purposefully created the aforementioned confusion to coerce Plaintiff to contact Defendant
21. Defendant violated Section 1692f when it unfairly attempted to collect upon the subject debt. Specifically, it was unfair for Defendant to misinform Plaintiff as to the subject debt and/or her purported obligation to pay. Any reasonable fact finder will conclude that Defendant unfairly attempted to collect upon the subject debt by

purposefully contradicting itself in an attempt to force Plaintiff to contact Defendant.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff